BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**LEAH K. BOLSTAD, OSB #052039**
Assistant United States Attorney
Leah.Bolstad@usdoj.gov
1000 S.W. Third, Suite 600
Portland, OR 97204-2902
Telephone:  (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:18-CR-00319-JO |
| v. | **GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER** |
| **MARK LEROY DENCKLAU, EARL DEVERLE FISHER, and TILER EVAN PRIBBERNOW,** | |
| **Defendants.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, through Leah K. Bolstad, Assistant United States Attorney (AUSA) for the District of Oregon, respectfully moves unopposed for an order pursuant to Rule 16(d)(1), Fed. R. Crim. P., to prevent the dissemination or misuse of discovery material containing sensitive investigation material and personal identifying information.  The government conferred with defense counsel for the three defendants, and although defendants do not agree with all the facts described by the government, there are no objections to this motion for a protective order.

**Government's Unopposed Motion for a Protective Order**                                                **Page 1**

In April 2016, the Multnomah County District Attorney's Office indicted these same defendants for state kidnapping and murder charges. *State of Oregon v. Dencklau*, Case Nos. 16-CR-24930, 16-CR-24929; 16-CR-24916. All three defendants have been in custody in the state system since April 2016. The state prosecutors had a protective order in place governing discovery that allowed defense counsel to review all material with defendants in person, but prohibited defendants from retaining copies of the material in custody. This motion in federal court aims to accomplish the same protection over the discovery material.

In June 2018, a federal grand jury indicted defendants Dencklau, Fisher, and Pribbernow with (1) Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(1)); (2) Kidnapping in Aid of Racketeering, Resulting in Death (18 U.S.C. § 1959(a)(1)); (3) Kidnapping, Resulting in Death (18 U.S.C. § 1201(a)(1)); and (4) Conspiracy to Commit Kidnapping, Resulting in Death (18 U.S.C. § 1201(c)). (ECF No. 1). The federal indictment in this case alleges defendants kidnapped and murdered a victim in late June 2015. Notably, the charged offenses allege defendants committed these crimes *in aid of racketeering*, and specifically for the Gypsy Joker Outlaw Motorcycle Club (the enterprise).

The indictment alleges that this racketeering enterprise is a criminal organization whose members engage in offenses involving narcotics trafficking and acts of violence involving murder, robbery, extortion, firearms offenses and obstruction of justice. (ECF No. 1, ¶ 1). The indictment also alleges that members of the enterprise promote a climate of fear, and share a common purpose to preserve and protect their territory through the use of intimidation, violence, and threats of violence. (ECF No. 1, ¶ 11b). Further, enterprise members provide assistance to

other members charged with crimes in order to hinder, obstruct, and prevent law enforcement officers from prosecuting the offender.  *Id*. at ¶ 11e.

The discovery material the government intends to provide includes witness statements from the victim family members and friends, as well as associates of the enterprise who provided information about the charged defendants and their roles in the kidnap/murder.  Multiple witnesses have expressed a fear of violent retaliation by defendants and the unindicted members of the Gypsy Joker Outlaw Motorcycle Club enterprise, for cooperating with the investigation.  Informants and witnesses suffer physical, social and emotional retribution when their identities are revealed and statements disclosed; this occurs to a greater extent when those identities are written down in police reports and spread throughout the community.  To reveal the identity and statements of the witnesses would likely seriously jeopardize the safety and security of these witnesses pending trial.

The government will be providing initial investigative reports and materials, which may include personal identifying information of the victims and/or witnesses in this case.  Therefore, by this motion, the government seeks a protective order to shield these sensitive documents and/or information from disclosure in the public record and to uninvolved third parties.

In light of the nature of the crimes charged – murder and kidnap in aid of racketeering, the sensitive witness statement information included in the discovery material, and the above-described safety concerns, the government respectfully requests that the Court authorize a protective order governing discovery provided by the government.  The government has no objection to counsel of record, their investigators, assistants, and employees reviewing with defendants all discovery material produced by the government.  However, the government

requests an order precluding counsel of record, their investigators, assistants, and employees from providing defendant with copies of, or unsupervised access to, any discovery material produced by the government which contains:

    a.    information regarding the government's witnesses or sources of information, including criminal histories, arrest records, and witness statements in police reports, transcripts, and search warrant affidavits, ("Witness Information");

    b.    personal identifying information of any individual, including without limitation, any individual's date of birth, social security number, address, telephone number, email address, driver's license number, or family members' names ("Personal Information"); or

    c.    financial information of any individual or business, including without limitation, bank account numbers, credit or debit card numbers, account passwords, contact information, or taxpayer identification numbers ("Financial Information").

The government and the defense will work together to ensure that these materials are protected and that defendant has unfettered access to as much material as can be provided consistent with this Court's order. For example, this protective order would not preclude defendant from receiving copies of his own criminal history and prior conviction documents, lab reports, property/evidence receipts, or most of the photographs of seized evidence.

The government further requests that the Court order that neither defense counsel nor defendants shall provide any discovery material produced by the government to any third parties (i.e., persons who are not a party to this case), or make any public disclosure of the same, without the government's express written permission, except that defense counsel may provide

discovery material to those persons employed by defense counsel who are necessary to assist counsel of record in preparation for trial or other proceedings.

Dated: July 23, 2018.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Leah K. Bolstad*
LEAH K. BOLSTAD, OSB #052039
Assistant United States Attorney