Erik E. Eklund, OSB # 075760
333 SW Taylor, Suite 300
Portland, OR  97204
tel:  (503) 782-4795
fax:  (503) 217-5510
Attorney for Defendant Mark Dencklau

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>**MARK LEROY DENCKLAU,**<br><br>       Defendant. | No. 3:18-CR-00319-JO-1<br><br>**REQUEST FOR PRETRIAL DISCOVERY** |

Pursuant to Federal Rules of Criminal Procedure 12(b)(4)(B) and 16, the defendant, Mark Dencklau, through his attorney, Erik Eklund, moves the United States Attorney to produce the following material available to the defendant.

Rule 16 of the Federal Rules of Criminal Procedure is "intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." *United States v. Armstrong*, 116 S.Ct. 1480, 1491 (1996) (Breyer J., concurring); *United States v. Burnes*, 15 F.3d 211, 215 n.2 (1st Cir. 1994)(same).

The individual prosecutor has a *duty to learn* of any favorable evidence known to others acting on the Government's behalf in the case, including the police. *Kyles v. Whitley*, 115 S.Ct. 1555, 1567 (1995) (emphasis added) *citing Brady v.*

*Maryland*, 373 U.S. 83 (1963); *United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995). It was held to be a Rule 16 violation where the Government failed to turn over a transcript of defendant's recorded telephone call with a defense witness. *United States v. Alex*, 788 F.Supp. 1013, 1016 (N.D. Ill. 1992) (where Government "offered no compelling explanation" for non-disclosure of statements of co-defendant, court exercises discretion to order disclosure).

    1.   The substance of all oral statements of defendant and any co-defendant to any Government agent; *Alex*, 788 F.Supp. at 1016; *United States v. Bailleux*, 685 F.2d 1105, 1114 (9th Cir. 1982) (Government should disclose any potentially relevant statement made by the defendant); *United States v. Camargo-Vergara*, 57 F.3d 993, 998-999 (11th Cir. 1995) (reversible error to fail to disclose defendant's post-arrest statement where defense strategy affected).

    2.   Any agent's underlying rough notes of the statements requested in item 1 above, including all entries in officers' field notebooks or their equivalent. *See United States. v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (rough notes of interviews, especially with the accused, are discoverable and must be preserved); *United States v. Layton*, 564 F. Supp. 1391, 1395 (D. Or. 1983) (court exercises discretion under Rule 16 to order disclosure of notes of interview with defendant).

    3.   A copy of the defendant's record, co-defendant's record, and that of any witness, of prior convictions and the criminal identification and history sheet.

Rule 16 (a)(1)(B); *See United States v. Audelo-Sanchez*, 923 F.2d 129, 130 (9th Cir. 1990). Both national and local criminal records should be searched including:

    a. Records of the witnesses arrest or conviction maintained and prepared by the Federal Bureau of Investigation, the Drug Enforcement Administration, Oregon State Police, or any other law enforcement agency. *See United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991).

    b. Facts or allegations concerning criminal or other misconduct that is not reflected in a criminal record such as information found in probation, administrative sanctions, and information respecting pending criminal charges or investigations. *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert. den.*, 489 U.S. 1032 (1989) (probation file must be produced if material and relevant).

4. All books, papers, documents, tangible objects, photographs, buildings or places which are "material to the preparation of the defense." Rule 16 (a)(1)(C). This request includes but is not limited to:

    a. Any reports or notes concerning, and/or tape recordings of, the conversation between defendant and other persons interviewed.

    b. All medical records, including psychological or psychiatric records for defendant, and co-defendants, and/or persons mentioned in

investigative reports.

5. All items in request 4 which "belong to" or were "obtained from" the defendant. Rule 16 (a)(1)(C).

6. Any evidence "intended for use by the Government" as evidence in its case in chief. Rule 16 (a)(1)(C); *see* Rule 12(d)(2); *United States v. de la Cruz-Paulino*, 61 F.3d 986, 992-995 (1st Cir. 1995) (Government's failure to designate evidence was violation of Rule 12(d)(2) "which creates a notice requirement").

7. All information and material obtained from any telephone company, bank, savings and loan, financial institution, brokerage firm, utility or similar institution or company, public or not, pertaining to any account or transaction of the defendant, whether intended to be used at trial or not, and all documentation utilized in obtaining such material and information, *i.e.*, grand jury subpoena, etc.

8. All tax returns or tax records, whatever their nature, and all supporting materials, of defendant and witnesses which are in the possession of the Government, and which have been seen, reviewed, or referred to in any way by Government personnel in connection with this case or the investigation preceding the return of this Indictment.

9. All financial reviews, whatever their nature and all supporting materials, of defendant and witnesses which are in possession of the Government, and which have been seen, reviewed, or referred to in any way by Government

personnel in connection with this case or the investigation preceding the return of this Indictment.

10. All information and material obtained from governmental agencies about the defendant which he would be entitled to receive upon request to said agency (*i.e.* motor vehicle records, military records, etc.).

11. Any and all photographs of defendant taken during surveillance or obtained otherwise, including videotapes and photographs of defendant's residence.

12. Any evidence of matter sent to or by the defendant, which has been subject to a mail cover or mail opening by the Government, during the period of the investigation leading to this Indictment, including any such procedures followed by Bureau of Prisons or the Multnomah County Sheriff's Office.

13. The name of every prospective Government witness to be called at trial. *See Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir.) (Court has inherent authority to order discovery of names of witnesses); *cert. denied*, 459 U.S. 850 (1982); *United States v. Tucker*, 716 F.2d 576, 583 (9th Cir. 1983) (ineffective assistance of counsel to fail to interview Government witnesses before trial); *Callahan v. United States*, 371 F.2d 658, 660 (9th Cir. 1967) ("both sides have right to interview witnesses before trial").

14. All documents, exhibits, graphs, displays, charts, computer printouts, and photographs which the Government may or presently intends to use and/or offer

at trial.

15.

### *The Grand Jury*

18. The commencement and termination date of the grand jury indicting the defendant. *In Re Grand Jury*, 903 F.2d 180 (3d Cir. 1990).

19. The number (not names) of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict. See *United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645 (9th Cir.) (prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors voted to indict.") *cert. denied*, 452 U.S. 961 (1980); *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973) (ministerial matters like court's legal instructions to grand jury must be disclosed).

### *Sentencing Information*

20. Any evidence mitigating punishment of the defendant, whether or not the sentence is pursuant to the guidelines. *Brady v. Maryland*, 373 U.S. 83 (1963) (accomplice statement that he, not defendant, was actual shooter mitigates punishment of defendant); *Blazak v. Ricketts*, 1 F.3d 891 (9th Cir. 1993) (Due Process violated where prosecution suppressed psychiatric reports questioning defendant's competence to stand trial).

21. Disclosure of information used for purposes of determining the

appropriate advisory sentencing guidelines range including but not limited to any known aggravating or mitigating factors, including related to the offense behavior, the defendant's role in the offense, and any acceptance of responsibility.

22. Any information the Government would rely upon for purposes of urging the court to impose a sentence outside the advisory guidelines range including knowledge or evidence of other similar offenses, or the extent or seriousness of the defendant's conduct to a degree substantially in excess of that normally involved in the offense.

### *The Prosecutor Has a Duty of Inquiry*

The prosecutor is requested personally to make specific inquiry of each Government agent and agency in any way connected to the case for each of the above items, even if the agent or agency is outside the District of Oregon. *Kyles v. Whitley*, 115 S.Ct. 1555, 1567 (1995) <u>and</u> *United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995) (the individual prosecutor has "a duty to learn of any favorable evidence known to others acting on Government's behalf, including the police"); *United States v. Alvarez*, 86 F.3d 901 (9th Cir. 1996) ("the better practice is for the prosecutor herself to review [surveillance notes] for Brady Materials"); *United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir.) (prosecutor deemed to have knowledge of, and access to, anything in possession, custody or control of **any** federal agency, evidence

if outside district of prosecution), *cert. denied*, 493 U.S. 858 (1989). *See also Demjanjuk v. Petrovsky*, 10 F.3d 338, 353 (6th Cir.) (in not disclosing exculpatory evidence, Government perpetrated fraud on the court by taking attitude that "the right hand did not know what the left hand was doing"), *cert. denied*, 115 S.Ct. 295 (1993); *United States v. Perdomo*, 929 F.2d 967, 969-971 (3rd Cir. 1991) (U.S. attorney responsible for locating criminal record in local jurisdiction as well as NCIC records); *United States v. Endicott*, 869 F.2d 452, 455-56 (9th Cir. 1989) (knowledge of additional payments to witness imputed to prosecutor); *United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978) (prosecutor responsible for promise by agent even if prosecutor did not know of it); *United States v. Bailleux*, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of FBI is deemed in custody of U.S. Attorney); *United States v. Brooks*, 966 F.2 1500 (D.C. Cir. 1992) (prosecutor must search police files for information affecting credibility of police officer who was key witness and who, after first trial, was found shot in her apartment with revolver in presence of another police officer); *United States v. Jackson*, 780 F.2d 1305, 1308 n. 2 (6th Cir. 1986) (FBI's knowledge attributable to prosecutor); *Barbee v. Warden*, 331 F.2d 842, 846 (4th Cir. 1964) (exculpatory ballistics report known only to police deemed in possession of prosecutor); *United States v. McCord*, 509 F.2d 334, 342 n. 14 (D.C. Cir.) (*en banc*) ("prosecutor" includes "all agencies of the federal Government involved in any way" in the case), *cert. denied*, 421 U.S. 930 (1974).

### *The Prosecutor Has a Duty of Continuing Discovery*

The Government has a continuing duty to disclose the foregoing evidence as soon as the Government or any of its agents discovers its existence. *See Mooney v. Holohan*, 294 U.S. 103, 108 (1935) (prosecutor must disclose witness had committed perjury even when he first learns this at trial); *United States v. Chestang*, 849 F.2d 528, 532 (11th Cir. 1988) (continuing duty to disclose breached when prosecutor did not disclose the witness would soon accept immunity offer).

The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting its duty to disclose arguably favorable evidence. *United States v. McClintock*, 748 F.2d 1278, 1285 (9th Cir.), *cert. denied*, 474 U.S. 822 (1984). Any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." *United States v. Ramirez*, 608 F.2d 1261, 1265 n. 6 (9th Cir. 1979); *Kyles v. Whitley*, 115 S.Ct. 1555 (1995); *United States v. Agurs*, 427 U.S. 97, 108 (1976). Disclosure is required even if, in the Government's view, the evidence is not admissible at trial. *Spence v. Johnson*, 80 F.3d 989, 998 (5th Cir. 1996).

Should the Government have a good faith doubt whether evidence should be disclosed, the AUSA is required to ask the court for an *in camera* review. *See United States v. Bailleaux*, 685 F.2d 1105, 1114-15; *United States v. Scafe*, 822 F.2d 928, 936 (10th Cir. 1987) (good faith belief that defendants statements not discoverable does not excuse failure to disclose); *United States v. Lehman,* 756 F.2d 725, 729 (9th Cir.) (Prosecution must either disclose the material or submit it to the

court), *cert. denied*, 474 U.S. 994 (1985); *United States v. Cadet*, 727 F.2d 1453, 1470 (9th Cir. 1984).

In the extremely unlikely event the Government <u>refuses</u> to provide disclosure, the defendant requests such information be produced *in camera* for inspection and determination by the Court of whether it shall be disclosed to the defendant.

The defendant requests the Government produce such information and material on a continuing basis without need for further demand.

RESPECTFULLY SUBMITTED this 23rd day of July, 2018.

       <u>/s/  Erik E. Eklund</u>
       ERIK E. EKLUND, OSB # 075760
       Attorney for Mark Dencklau