BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**LEAH K. BOLSTAD, OSB #052039**
Assistant United States Attorney
Leah.Bolstad@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:18-cr-00319-JO |
| v. | **GOVERNMENT'S UNOPPOSED MOTION FOR COMPLEX CASE DESIGNATION** |
| **MARK LEROY DENCKLAU, EARL DEVERLE FISHER, and TILER EVAN PRIBBERNOW,** | |
| **Defendants.** | |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Leah K. Bolstad, Assistant United States Attorney, hereby moves the Court for a complex case designation pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and respectfully requests that the Court set a scheduling conference in order to schedule discovery, pretrial proceedings, and trial in this case. This motion is unopposed.

### I.    PROCEDURAL BACKGROUND

On June 28, 2018, a federal grand jury returned an indictment charging the above-listed three defendants with Murder in Aid of Racketeering (Count 1, 18 U.S.C. § 1959(a)(1));

Kidnapping in Aid of Racketeering, Resulting in Death (Count 2, 18 U.S.C. § 1959(a)(1));

Kidnapping, Resulting in Death (Count 3, 18 U.S.C. § 1201(a)(1)); and Conspiracy to Commit

Kidnapping, Resulting in Death (Count 4, 18 U.S.C. § 1201(c)). The indictment includes notice

of special findings as to Counts 1 and 3, including that defendants intentionally killed the victim

and intentionally inflicted serious bodily injury that resulted in the death of the victim. (ECF

No. 1, page 8). These allegations trigger a potential for the highest federal penalties possible:

sentences of either life or death. *See* 18 U.S.C. §§ 1959(a)(1), 1201(a).

In July 2018, all three defendants made their initial appearances and magistrate judges

arraigned them on this federal case. All three defendants were ordered detained pending trial.

A ten-day jury trial is scheduled to begin on December 11, 2018. (ECF No. 52). However,

because this is a potential capital case, there is a very complicated Death Penalty Protocol within

the Department of Justice, and that process is still underway. Given the nature of the charges,

the novel issues of law and fact, the death penalty protocol, and the substantial discovery, it

would be unreasonable to expect adequate preparation for pretrial proceedings and trial within

the usual time limits set forth in the Speedy Trial Act, 18 U.S.C. 3161, *et seq*.

## II.     ANALYSIS

### A.     Capital Case Protocol

The Attorney General of the United States will ultimately make the decision as to

whether the government will seek the death penalty against any defendant, and if so, for which

Counts. The Death Penalty Protocol within the Department of Justice calls for the submission

of detailed memoranda from the prosecution and the defense concerning the facts of the case,

each defendant's background, analysis of the statutory mitigating and aggravating factors (18

U.S.C. § 3592), analysis of the non-statutory mitigating and aggravating factors, as well as the interests of justice.

The memoranda go through multiple layers of review within the Capital Case Section (CSS) in the Department of Justice, and the process often includes multiple meetings with counsel for all parties prior to CSS making a final recommendation to the Attorney General. Substantial investigation and research is required to prepare adequately for the written submissions and meetings in this process. It can take several months to complete the process once the memoranda are submitted and before the Attorney General's decision. Here, the parties are in the initial stages of this process.

### B. Discovery

Discovery will be an on-going process due to the complex nature of this case. The investigation involves voluminous discovery regarding each defendant's role in the kidnapping and murder, along with each defendant's role in the Gypsy Joker Outlaw Motorcycle Club (GJOMC) enterprise. The indictment stems from a long-term multi-agency investigation of conduct occurring mostly in Oregon and Washington, but also in Nevada, Idaho, and North Dakota. Much of the discovery material duplicates material produced to these same defendants while pending state court murder charges, so it is not entirely new. However, the federal kidnapping and murder charges allege these crimes were committed in aid of racketeering, and thus new and different elements and proof are involved in this federal prosecution.

To date, the government has produced 13,657 pages of discovery (Volume 1). The index for Volume 1 alone spans 178 pages. This material includes materials gathered from search warrants, subpoenaed records, telephone call records and location data, law enforcement reports, photographs, interview transcripts, laboratory reports, and surveillance video. The

government's investigation is ongoing and will generate additional materials for discovery in the future. The government is committed to working with the defense to identify and resolve any discovery issues without involving the court. The government has provided and will continue to provide indexes and text-searchable scanned documents to enable the defendants to navigate the data provided.

### C.     Pre-Trial and Trial

The government also seeks a new trial date, with excludable delay through the new trial date for purposes of the Speedy Trial Act. The government believes that a trial date set in late 2019, would provide sufficient time to prepare for trial following the death penalty decision and the resolution of pretrial motions. A status conference should be of assistance in picking a mutually workable date for the Court and all counsel.

### D.     Excludable Delay

The government believes a schedule allowing more time for discovery, pretrial motions and trial preparation, as requested above, is necessary because of the complexity of the case, the capital case review process, the scope and volume of investigative materials, the nature of the charges, and the need to adequately evaluate and prepare issues for pretrial proceedings and trial. The above circumstances warrant finding excludable delay under 18 U.S.C. §§ 3161(h)(7)(A).

## III.    CONCLUSION

Government counsel conferred with defense counsel for the three indicted defendants Dencklau, Fisher, and Pribbernow, regarding this motion.   There is no objection to the motion, defense counsel for all three co-defendants concur with the government's motion for complex case designation.   The parties further agree that the current trial date should be vacated and no new date be set for trial or pretrial, or alternatively a date set in late 2019, until the Attorney

General decides whether the government will seek the death penalty. This will enable counsel to focus on the investigation, research, and submissions concerning the death penalty analysis.

Even if a decision is made not to seek the death penalty in this case, two pending Counts would still result in life sentences if the defendants are convicted. The racketeering backdrop in this case presents novel issues of law and fact not routinely addressed in this District. Given the nature of the charges, the novel issues of law and fact, the death penalty protocol, and the substantial discovery, it would be unreasonable to expect adequate preparation for pretrial proceedings and trial within the usual time limits set forth in the Speedy Trial Act, 18 U.S.C. 3161, *et seq.*

Accordingly, the parties agree this case is "complex." Therefore, the government requests that the Court declare this a complex case and make an express finding under 18 U.S.C. § 3161(h)(7)(B)(ii) that, based on the complexity of this death penalty eligible case, the complex nature of the racketeering charges, and the nature of the investigation as described herein, "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant[s] in a speedy trial."

Dated:  November 27, 2018                                 Respectfully submitted,

                                                                             BILLY J. WILLIAMS
United States Attorney

*/s/ Leah K. Bolstad*
LEAH K. BOLSTAD, OSB #052039
Assistant United States Attorney