IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

    v.                                                              Case No. 3:18-cr-00319-MO

**MARK LEROY DENCKLAU**, et al.,                      OPINION AND ORDER

        Defendant.

**MOSMAN, J.**,

    The matter before me is Defendant Mark Leroy Dencklau's Amended Motion for Release from Custody filed in response to the COVID-19 pandemic. Mot. [ECF 317]. Upon review, Mr. Dencklau's motion is DENIED.

## DISCUSSION

    Mr. Dencklau moves for pretrial release pursuant to 18 U.S.C. § 3142. Mem. [ECF 318] at 8. A defendant must be detained pretrial if the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). A detention hearing may be reopened

1 – OPINION AND ORDER

at any time before trial if "information exists that was not known to the movant at the time of the

hearing and that has a material bearing on the issue whether there are conditions of release that

will reasonably assure the appearance of such person as required and the safety of any other

person and the community." 18 U.S.C. § 3142(f). Flight and danger to the community are

disjunctive: in order to justify pretrial detention, the government must establish "*either* that there

is a risk of flight *or* no assurance that release is consistent with the safety of another person or

the community." *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985) (emphasis

added).

The factors I must consider when making this determination are:

1.  The nature and circumstances of the crime charged, including whether it is a crime of violence and whether it involved a firearm;

2.  The weight of the evidence against the defendant;

3.  The characteristics of the defendant, and;

4.  The nature and seriousness of the danger to the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g)(1)-(4). The Bail Reform Act requires an individualized evaluation of all

four of these factors. *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).

Mr. Dencklau argues that he should be granted pretrial release because the COVID-19

pandemic creates a new set of circumstances that place him in danger of serious illness if he

remains incarcerated and that, even if he does not contract the illness, the continued jail

lockdown may violate his due process rights and his right to counsel. Mem. [318] at 12-13. He

cites a string of district court cases granting pretrial release due to the COVID-19 pandemic,

most notably pursuant to the "compelling reasons" clause of 18 U.S.C § 3142(i). *Id.* at 11-12.

For its part, the government argues that the balance of the statutory factors has not changed, that

Mr. Dencklau remains a danger to the community, and that COVID-19 does not present such a risk as to present "compelling reasons" justifying temporary release. Gov't. Resp. [ECF 323] at 4-9.

I agree with the Government. The crimes charged against Mr. Dencklau are extremely serious. They include violent crimes such as Racketeering Conspiracy (Count 1, 18 U.S.C. § 1962(d)), Murder in Aid of Racketeering (Count 2, 18 U.S.C. § 1959(a)(1)); Kidnapping in Aid of Racketeering, Resulting in Death (Count 3, 18 U.S.C. § 1959(a)(1)); Kidnapping, Resulting in Death (Count 4, 18 U.S.C. § 1201(a)(1)); and Conspiracy to Commit Kidnapping, Resulting in Death (Count 5, 18 U.S.C. § 1201(c)). Superseding Indictment [ECF 105]. Indeed, the grand jury issued special findings to the effect that the killing and the bodily harm to the victim were done intentionally. *Id.* at 25. The nature of these crimes is so serious that the Government considered seeking the death penalty in this case. Gov't. Resp. [323] at 2; 18 U.S.C. § 1959(a)(1) (imposing death as an available sentence for murder in aid of racketeering).

The weight of the evidence, from the Government's account and from the indictment, appears to be strong, particularly with the addition of multiple cooperating witnesses. Gov't. Resp. [323] at 4. Nothing about Mr. Dencklau's personal characteristics have changed since he was placed in detention. And the nature and seriousness of the risk he poses to the community is significant. As the Government describes, Mr. Dencklau is a member of the Gypsy Jokers motorcycle gang, charged with the intentional murder of an associate with that gang, and it has also been alleged that he solicited the murder of a cooperating witness. *Id.* at 1. I find, by clear and convincing evidence, that Mr. Dencklau is a danger to the community of the highest order. *Motamedi*, 767 F.2d at 1406 (holding that the government must prove danger to the community by clear and convincing evidence).

3 – OPINION AND ORDER

Finally, I do not find that the COVID-19 pandemic constitutes a "compelling reason" to grant Mr. Dencklau temporary release. Mr. Dencklau's brief focuses on the federal prison system writ large and its difficulties containing the virus, but it does not describe any immediate danger in the state facility in which Mr. Dencklau actually resides. Mem. [318] at 3-8. There are currently no cases of COVID-19 in the Columbia County Jail, and the jail staff, the United States Bureau of Prisons, and the U.S. Marshalls have all implemented precautionary measures to prevent the spread of the virus in the facility. Gov't. Resp. [323] at 7-8. At this time, any risk to Mr. Dencklau is purely speculative. This, combined with the significant danger Mr. Dencklau presents to the community and the lack of any proposed release plan that would mitigate that danger, leads me to find that the pandemic does not justify his temporary release pursuant to 18 U.S.C. § 3142(i).

## CONCLUSION

For the reasons stated above, Mr. Dencklau's Amended Motion for Release from Custody [317] is DENIED.

IT IS SO ORDERED.

DATED this ___28___ day of May, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER